1 | WILSON SONSINI GOODRICH & ROSATI
MICHAEL BARCLAY (88993)
2 | IRWIN GROSS (168135)
JAMES C. YOON (177155)
3 | NATHAN L. WALKER (206128)
650 Page Mill Road
4 | Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
5 | Facsimile: (650) 565-5100

6 | JENNER & BLOCK LLC
RICHARD J. GRAY (admitted *pro hac vice*)
7 | DONALD R. CASSLING (admitted *pro hac vice*)
SETH A. TRAVIS (admitted *pro hac vice*)
8 | BRIAN P. O'DONNELL (admitted *pro hac vice*)
One IBM Plaza
9 | 330 North Wabash
Chicago, IL 60611-7603
10 | Telephone: (312) 222-9350
Facsimile: (312) 840-7794
11
Attorneys for Defendant/Counterclaimants
12 | SMARTFORCE, PLC (n/k/a SKILLSOFT, PLC),
SKILLSOFT CORPORATION, and
13 | SMARTFORCE, INC.

14

15 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
16 | SAN FRANCISCO DIVISION

17 | IP LEARN, LLC,  |  No. C 02-1977 JSW

18 | Plaintiff,  |  DEFENDANTS' *EX PARTE* APPLICATION FOR SPECIAL STATUS CONFERENCE
19 | v.  |  REGARDING NUMBER OF ASSERTED PATENT CLAIMS AND CASE
20 | SMARTFORCE, PLC;  |  SCHEDULING
SMARTFORCE, INC.; and
21 | DOES 1-10,

22 | Defendant.

23 | IP LEARN, LLC,

24 | Plaintiff and Counterdefendant,

25 | v.

26 | SKILLSOFT CORPORATION, and DOES
1 – 10,
27 | Defendants and
Counterclaimants.

28

Pursuant to Rule Civil Local Rule 7-10(a) and Section 3 of the Court's General Standing Order, defendants SmartForce PLC, SmartForce Inc., and SkillSoft Corporation (collectively, "Defendants")[1] submit this *Ex Parte* Application to respectfully request a special status conference to address two key issues that need to be resolved in this patent lawsuit on an expedited basis—namely, (i) whether plaintiff IP Learn should be required to reduce the number of patent claims that it recently asserted under Patent L.R. 3-1; and (ii) if not, whether the case schedule should be lengthened to accommodate the large number of claims that IP Learn has asserted.

This application is supported by the following:

## I. The Court Presumptively Limited the Number of Claim Terms and Claims to Ten.

At the Case Management Conference February 5, 2003, the Court informed the parties that it was presumptively limiting the number of patent claims that IP Learn could assert in this matter, and the number of claim terms that will be construed in this case, to ten. *See* Transcript of CMC, at 10-18, 25.[2] Indeed, the Court specifically stated that in order to insure that this and other patent cases assigned to it are manageable, it planned to issue a formal Standing Order that would presumptively limit the number of terms to be construed to ten. *See id.* at 15-18. Moreover, in response to Defendants' concern that unless the number of asserted claims is also limited, they would be required to respond to an unreasonable number of claims in their Preliminary Invalidity Contentions, the Court explained that it would impose formal limits on the number of claims if the parties could not reach an agreement:

> The Court: Well, I'm going to request that there be some dialogue about that [the number of claims], because otherwise we're going to get to a point where we're

---

[1] On or about September 10, 2002, SmartForce plc, of which SmartForce (a Delaware company) is a wholly owned subsidiary, merged with SkillSoft Corporation. The combined company is now publicly known as "SkillSoft."

[2] The relevant pages of the transcript of the Case Management Conference of February 5, 2003 is attached as Exhibit "A" to the Declaration of Nathan L. Walker In Support of Defs.' *Ex Parte* App. For Special Status Conf., filed concurrently herewith ("Walker Decl.").

DEFENDANTS' *EX PARTE* APPLICATION FOR SPECIAL STATUS CONFERENCE CASE NO. C 02-1977 JSW     -1-     C:\NrPortbl\PALIB1\LB1\2240433_1.DOC

> going to have to come – I'm going to have to bring you in here again and set definite limits.
>
> I would really propose that you folks know, and I'm telling you at some point I'm going to come in and do the best job I can. And I'm going to set limits on the claims, and the claims, as I said, presumptively down to ten. So this would be a good time, reserving everything you want to reserve in terms of asking me, say "we just need – we need 12. We need 14." Or preserving whatever you need to preserve, if there's an appeal in this case. But you folks need to start talking to each other because I'm telling you that's what is going to happen.

Transcript of CMC, at 25:4-18.[3]

After giving this direction, the Court set the current case schedule in this matter. Under that schedule, IP Learn is permitted to serve its disclosure of asserted claims and preliminary infringement contentions under Patent L.R. 3-1 in a staggered fashion—with a first set of disclosures for pre-merger[4] SkillSoft products due on February 14, 2003, and a later set for pre-merger SmartForce products due thirty days later on March 14, 2003. *See* Order Following CMC, dated Feb. 27, 2003. Defendants are then required to prepare and serve a single set of Preliminary Invalidity Contentions by April 15, 2003. *See id.* This schedule provides SmartForce with only thirty days to prepare and serve its Preliminary Invalidity Contentions,

---

[3] In an attempt to show that IP Learn need not limit the number of its asserted claims or claim terms until *after* Defendants serve their Preliminary Invalidity Contentions under Patent L.R. 3-1, IP Learn may cite to a passage from the transcript of Case Management Conference where, in response to IP Learn's suggestion that it be permitted to delay limiting its claims in that manner, the Court said:

> Of course. I would expect to [sic] really good faith meeting and conferring session where you really try to say: "Okay. The Judge is, virtually speaking, put a gun – pointing a gun to our heads. Could – can we – Let's come up with the ten. . . ." *See* Transcript of CMC, at 11:21-12:6.

Counsel for Defendants subsequently pointed out that unless IP Learn limits its asserted claims *before* Defendants serve their Preliminary Invalidity Contentions, Defendants will need additional time to prepare and serve their Contentions. As Defendants understood the proceedings, thereafter the Court indicated that he expected the parties to meet and confer to reduce the number of claims and claim terms before Defendants serve their Contentions. *See* Transcript of CMC, at 24:22-25:18, a portion of which is reproduced *supra*.

[4] As discussed above, SmartForce plc and SkillSoft Corporation have merged, and are now part of a combined company. *See* discussion *supra* at n.1.

---

DEFENDANTS' *EX PARTE* APPLICATION FOR SPECIAL STATUS CONFERENCE CASE NO. C 02-1977 JSW

-2-

C:\NrPortbl\PALIB1\LB1\2240433_1.DOC

1  substantially less than the 45 days contemplated by the Patent Local Rules.  *See* Patent L.R. 3-3.
2  The parties agreed to this schedule, and the Court entered it, based on the representation from IP
3  Learn's counsel that most, if not all, of the claims that will be included in the infringement charts
4  served on SmartForce on March 14 will also be included in the charts for SkillSoft served thirty
5  days earlier.  *See* Transcript of CMC, at 24:12-27:15.
6        After the Case Management Conference, the Court issued a Standing Order that
7  specifically requires parties in all patent cases before it to limit the number of claim terms to
8  ten—the same limitation that the Court had previously informed the parties at the Conference
9  would apply in this case.  *See* Standing Order For Patent Cases ¶¶ 4-5.

10  **II.**    **Contrary to the Court's Direction, IP Learn Has Asserted *Thirty* Claims (With Far More Than Thirty Claim Terms), And Has Indicated that It Will Assert Even More
11  In the Near Future.**

12        Contrary to the direction from the Court, IP Learn has asserted no fewer than ***thirty***
13  claims against SkillSoft (with far more than thirty claim terms)—an unreasonable amount and
14  substantially in excess of the presumptive limit set by the Court.  *See* Walker Decl., Exh. B (IP
15  Learn's Prelim. Infringement Contentions to SkillSoft, dated Feb. 14, 2003).  The thirty claims
16  that IP Learn has asserted includes at least 38 grouped terms, at least half of which would have to
17  be construed by the Court if the number of claims is not reduced (if not more).  *See id.*  For the
18  Court's reference, these 38 grouped terms are identified on Exhibit C to the Declaration of
19  Nathan L. Walker, filed concurrently herewith.
20        Not only has IP Learn already greatly exceeded the Court's presumptive limits on claims
21  and claim terms, IP Learn has informed Defendants that it plans to assert even ***more*** claims in its
22  disclosures for SmartForce on March 14, 2003.  *See id.* at Exhs. D-E  and ¶ 7.  Despite knowing
23  that it plans to assert additional claims that are not included in the SkillSoft charts, IP Learn has
24  failed and refused to identify which or how many claims it intends to assert.  *See id.* Exhs. D-F
25  and ¶ 7.  Indeed, even though IP Learn's revised PICs to SkillSoft do not include any allegations
26  of infringement relating to the previously asserted '448 patent or the '746 patent, IP Learn has
27  refused to say whether it intends to assert those two patents against SmartForce.  *See id.*
28

DEFENDANTS' *EX PARTE* APPLICATION  
FOR SPECIAL STATUS CONFERENCE  
CASE NO. C 02-1977 JSW

-3-

C:\NrPortbl\PALIB1\LB1\2240433_1.DOC

IP Learn's refusal to disclose this basic information—which IP Learn clearly knows now—is manifestly unreasonable, particularly since the current schedule requires SmartForce to provide its Preliminary Invalidity Contentions on an expedited basis just thirty days after it receives IP Learn's contentions on March 14, 2003 (as opposed to the 45 days contemplated by Patent L.R. 3-3).  SmartForce agreed to, and the Court adopted, this condensed schedule based on: (i) the explicit assumption that there would be a limited number of claims and claim terms at issue in this action, and (ii) the explicit representation by IP Learn that there would be significant (if not total) overlap between the claims asserted against SkillSoft and the claims asserted against SmartForce.  *See* Transcript of CMC, at 26:20-27:7.  Now, IP Learn has not only asserted an unreasonable number of claims (with a unmanageable number of claim terms), but also plans to assert even more claims on March 14.

Defendants have attempted in good faith to reach an agreement with IP Learn to reduce the number of claims and claim terms in this matter.  *See* Walker Decl., Exhs. D-F and ¶ 7.  Specifically, on February 21, 2003, counsel for Defendants wrote to IP Learn, explaining that IP Learn had exceeded the Court's presumptive limit of ten claims and claim terms, and asking IP Learn to comply with that limit.  *See id.* at Exh. D.  In response, however, IP Learn refused to reduce the number of asserted claims, and confirmed that it plans to assert additional claims on March 14.  *See id.* at Exhs. E-F and ¶ 7.

**III.   The Court Should Hold a Special Status Conference to Resolve Whether IP Learn Must Reduce the Number of Asserted Claims, And If Not, Whether the Case Schedule Should Be Lengthened.**

The Court should schedule a special status conference to address whether IP Learn must reduce the number of asserted claims, and if not, whether the case schedule should be lengthened to accommodate the large number of claims IP Learn intends to assert.  If IP Learn does not reduce the number of asserted claims to the amount permitted by the Court, the parties will be unable to litigate this matter on a reasonable and timely schedule.  Instead, Defendants will need additional time to prepare their Preliminary Invalidity Contentions.  Similarly, the parties will need additional time to conduct discovery, to prepare for the claim construction hearing, and to prepare for trial.  As a result, preparing invalidity contentions for thirty claims (or even more)

and thereafter litigating those claims will result in a significant waste of judicial and party resources.  In short, both Defendants and the Court will be unfairly prejudiced.

Apparently, it is IP Learn's intent to impose such burden and prejudice on Defendants.  IP Learn's last letter to Defendants indicates that IP Learn will only discuss reducing the number of claim terms **after** Defendants serve their invalidity contentions.  *See id.* at Exh. F.

Significantly, IP Learn will not suffer any prejudice if it reduces its asserted claims to the amount permitted by the Court, because there is overlap in the inventions contemplated by the asserted claims.  For example, IP Learn has asserted three independent claims in the '556 patent, each of which seems to contemplate a substantially similar invention.  Likewise, the inventions contemplated by the independent claims asserted in the '486, '909 and '973 patents are substantially similar.  Given this overlap, IP Learn will not be able to make the showing of "good cause" required by this Court's Standing Order to have more than ten claim terms construed.  There is simply no legitimate basis for IP Learn to assert more than the presumptive limit of ten claims (with no more than ten claim terms to be construed) in this case.

## **Conclusion**

For the foregoing reasons, Defendants respectfully requests that this Court grant Defendants' request for a special status conference regarding the number of asserted claims and the case schedule during the week of March 3, 2003, or as soon thereafter as is convenient for the Court.[5]

---

[5] There are depositions scheduled in this action for Wednesday and Thursday of next week (March 5 and 6), with preparation on March 4.  Thus, if the Court would like to hold the special status conference on one of those three days, Defendants respectfully request that the conference be conducted telephonically.

| | | |
|---|---|---|
| 1 | Dated: February 27, 2003 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | |
| 3 | | By: /s/ Nathan L. Walker_____ |
| | | Nathan L. Walker |
| 4 | | |
| | | Attorneys for Defendant and Counterclaimant |
| 5 | | SMARTFORCE, PLC (n/k/a SKILLSOFT, PLC), SKILLSOFT CORPORATION, and |
| 6 | | SMARTFORCE, INC. |
| 7 | | |
| | Dated: February 27, 2003 | JENNER & BLOCK, LLC |
| 8 | | |
| 9 | | |
| | | By: /s/ Seth A. Travis_____ |
| 10 | | Seth A. Travis |
| 11 | | |
| | | Attorneys for Defendant and Counterclaimant SMARTFORCE, PLC (n/k/a SKILLSOFT, PLC), |
| 12 | | SKILLSOFT CORPORATION, and SMARTFORCE, INC. |

**CERTIFICATION OF COMPLIANCE
WITH STANDING ORDER**

I, Nathan L. Walker, certify that on February 25, 2003, pursuant to Section 3 of the Court's General Standing Order, I telephoned counsel for IP Learn and requested that IP Learn stipulate to a request for the special status conference sought by this Application. IP Learn, however, refused to stipulate to this request.

Dated: February 27, 2003                     WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation


                                             By: /s/ Nathan L. Walker
                                                 Nathan L. Walker

                                             Attorneys for Defendant and Counterclaimant
                                             SMARTFORCE, PLC (n/k/a SKILLSOFT, PLC),
                                             SKILLSOFT CORPORATION, and
                                             SMARTFORCE, INC.

**CERTIFICATION REGARDING
ELECTRONIC FILING**

I, Nathan L. Walker, am the ECF User whose identification and password are being used to file this Defendants' *Ex Parte* Application For Special Status Conference Regarding Number of Asserted Claims and Case Scheduling. In compliance with General Order 45.X.B, I hereby attest that Seth A. Travis has concurred in this filing.

Dated: February 27, 2003                     WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation


                                             By: /s/ Nathan L. Walker
                                                 Nathan L. Walker

                                             Attorneys for Defendant and Counterclaimant
                                             SMARTFORCE, PLC (n/k/a SKILLSOFT, PLC),
                                             SKILLSOFT CORPORATION, and
                                             SMARTFORCE, INC.