COOLEY GODWARD LLP
THOMAS J. FRIEL, JR. (80065)
JAMES P. BROGAN (155906)
ANDREW KUMAMOTO (178541)
WAYNE O. STACY (admitted *pro hac vice*)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:     (650) 843-5000
Facsimile:     (650) 857-0663

Attorneys for Plaintiff/Counterdefendant
IP LEARN, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IP LEARN, LLC,<br><br>        Plaintiff and Counterdefendant,<br><br>        v.<br><br>SMARTFORCE, PLC, SMARTFORCE, INC., SKILLSOFT CORPORATION and DOES 1-10,<br><br>        Defendants and Counterclaimants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.  C 02-1977 JSW<br><br>**RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION FOR SPECIAL STATUS CONFERENCE REGARDING NUMBER OF ASSERTED PATENT CLAIMS AND CASE SCHEDULING**<br><br>Judge:  Hon. Jeffrey S. White<br>Trial Date:  August 30, 2004 |

        IP Learn, LLC ("IP Learn") submits this response to SmartForce PLC's, SmartForce Inc.'s, and SkillSoft Inc.'s (collectively "Defendants") *Ex Parte* Application for Special Status Conference Regarding Number of Asserted Patent Claims and Case Schedule filed on February 27, 2003.

        Defendants request the special status conference in response to the Revised Preliminary Infringement Contentions ("PICs") that IP Learn served on SkillSoft on February 14.  In those PICs, IP Learn asserted only 30 claims out of a possible 243 claims and removed the previously asserted '448 patent from issue.  Despite this significant reduction in the number of asserted claims, Defendants are now demanding that IP Learn further reduce the number of asserted claims to ten. Notably, Defendants demand that IP Learn reduce the number of asserted claims to ten prior to

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

192681 v5/CO
44_905!.DOC

1.

**RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION FOR SPECIAL STATUS CONFERENCE (CASE NO. C-02-1977 (JSW))**

1    Defendants serving their preliminary invalidity contentions.

2        Neither the Patent Local Rules nor the Court's Standing Order for Patent Cases ("Standing

3    Order") requires IP Learn to narrow the number of asserted claims at this time.  Consequently, the

4    Court does not need to conduct a special status conference to address the Defendants issues.

5    **I.      THE PROPER DATE FOR FINALLY NARROWING THE NUMBER OF TERMS AT ISSUE
          SHOULD BE NO EARLIER THAN AUGUST 1, 2003—THE DATE THAT THE JOINT CLAIM**

6    **CONSTRUCTION STATEMENT IS DUE**

7        Defendants have taken the position that the Court's recently issued Standing Order and the

8    Court's statements at the February 5, 2003 Case Management Conference require IP Learn to

9    immediately narrow its number of asserted *claims*—as opposed to the number of asserted *terms*—

10   to ten.  Defendants are simply wrong.

11       The Standing Order says nothing about modifying the Patent Local Rules to limit the

12   number of claims that may be presented in IP Learn's PICs.  Quite to the contrary, the Standing

13   Order contemplates (1) that the parties will exchange Preliminary Infringement Contentions and

14   Preliminary Invalidity Contentions as required by the Patent Local Rules, (2) that the parties will

15   meet and confer concerning the claim construction issue following that exchange, and (3) that the

16   parties will narrow the number of disputed *terms* to ten at some time prior to the preparation of the

17   joint claim construction statement, which is due, in this case, on August 1, 2003.  *See* Standing

18   Order for Patent Cases, ¶¶ 3-4; Order Following Case Management Conference, at 2.

19       Furthermore, there is nothing in the Standing Order that suggests that the number of

20   disputed claims in all cases must be limited to ten.  The Standing Order requires only that, without

21   leave of Court, the number of disputed terms should be limited to ten, thus leaving open the issue of

22   how many *claims* may be asserted.  *See* Standing Order for Patent Cases ¶¶ 3-4.  Forcing IP Learn

23   to narrow the number of asserted claims at this time is premature, because the parties have not even

24   determined which or how many terms are at issue.  According to the current Scheduling Order, the

25   parties have until May 19, 2003 to exchange their respective lists of proposed terms for

26   construction, and it seems only logical that any agreed reduction in the number of disputed *terms*

27   should follow that exchange.  *See* Order Following Case Management Conference, at 2.  At that

28   time, the parties can begin to meaningfully discuss whether a reduction in the number of asserted

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

192681 v5/CO
44_905!.DOC

2.

**RESPONSE TO DEFENDANTS' *EX PARTE*
APPLICATION FOR SPECIAL STATUS CONFERENCE
(CASE NO. C-02-1977 (JSW))**

1  claims is necessary.

2  Because the date for exchanging terms for construction has not yet come in this action, there

3  is no current dispute regarding the number of terms at issue.  Consequently, there is no reason for

4  the Court to intervene or restrict the number of *claims* that may be asserted at this time.  The parties

5  should be left to reduce the number of asserted claims and terms using the already established

6  procedures under the Patent Local Rules and the Standing Order.

7  **II.    AT THE CMC HELD ON FEBRUARY 5TH, THE COURT ACKNOWLEDGED THAT THE FINAL

8  NARROWING OF CLAIMS SHOULD NOT OCCUR PRIOR TO DEFENDANTS SERVING THEIR PRELIMINARY INVALIDITY CONTENTIONS**

9  Notwithstanding the clear language in the Court's recently issued standing order,

10  Defendants assert that, during the February 5th Case Management Conference, the Court somehow

11  directed IP Learn to narrow the number of asserted *claims* to ten prior to Defendants serving their

12  Preliminary Invalidity Contentions.  Defendants mischaracterize the record.

13  At the February 5th CMC, counsel for IP Learn clearly suggested that any mandatory

14  narrowing of the number of asserted claims should occur only ***after*** the parties had exchanged their

15  respective PICs.  The Court agreed:

16  Mr. Brogan:    I think that the time for that [narrowing the number of asserted
                   claims] would be after the parties have exchanged their initial
17                 preliminary infringement contentions and their initial preliminary
                   invalidity contentions, so the two parties have sort of mutual
18                 knowledge of whether [sic] where they are.
   The Court:     Of course.
19

20  *See* Transcript of CMC, at 10:21 through 11:11.  The Court's acknowledgement is

21  consistent with the subsequently issued Standing Order which establishes that the proper time for

22  requiring the number of *claims* to be narrowed—assuming that such action is even necessary—

23  would not occur before the date upon which the joint claim construction statement is due. *See*

24  Standing Order for Patent Cases, ¶¶ 3-4.

25  Lastly, IP Learn anticipates that the parties may not need to construe more than ten terms in

26  this action, because the vast bulk of the terms in IP Learn's claims should be construed in

27  accordance with their plain and ordinary meaning or as specifically defined in the patent

28  specifications.  Whether Defendants will agree to such an approach remains to be seen, but one

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

192681 v5/CO
44_905!.DOC

**RESPONSE TO DEFENDANTS' *EX PARTE***
**APPLICATION FOR SPECIAL STATUS CONFERENCE**
**(CASE NO. C-02-1977 (JSW))**

3.

1  thing is clear: the time for limiting the number of terms for construction should arise only after the

2  parties have made their exchanges under the Patent Local Rules, after they have identified those

3  terms that may need to be construed, and after the parties have negotiated in good faith the

4  constructions of those identified terms. *Id*. The Standing Order and the Patent Local Rules

5  envision such a procedure, and IP Learn is prepared to embark upon that process. Accordingly, a

6  special status conference at this time to address the number of asserted *claims* is, from IP Learn's

7  perspective, wholly unnecessary.

8  **III.  TO THE EXTENT THAT THE REAL ISSUE FACING DEFENDANTS IS TIME, IP LEARN IS
   WILLING TO CONSIDER GRANTING DEFENDANTS ADDITIONAL TIME TO COMPLETE**
9  **THEIR PRELIMINARY INVALIDITY CONTENTIONS**

10  IP Learn has explained to Michael Barclay, counsel for SmartForce, that should SmartForce

11  require, for example, an additional thirty (30) days to complete its Preliminary Invalidity

12  Contentions due under Patent Local Rule 3-3, IP Learn would be willing to work with Defendants

13  to resolve that scheduling issue. Moreover, so long as an accommodation of Defendants' needs will

14  not upset the calendar of the Court, IP Learn remains committed to allowing Defendants the time

15  that they may require to respond to IP Learn's PICs.

16  **IV.  CONCLUSION**

17  For the foregoing reasons, IP Learn submits that the instructions provided in the Court's

18  recently issued Standing Order are clear, and that a special status conference is unnecessary at this

19  time. Accordingly, IP Learn respectfully requests that the Court deny Defendants' request for a

20  special status conference.

21  Dated:  February 28, 2003            COOLEY GODWARD LLP

22

23                                       By:  s/B.Douglas Robbins, for
                                             Wayne O. Stacy
24                                           Attorneys for Plaintiff/Counterdefendant
                                             IP Learn LLC
25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

192681 v5/CO
44_905!.DOC

RESPONSE TO DEFENDANTS' *EX PARTE*
APPLICATION FOR SPECIAL STATUS CONFERENCE
4.                    (CASE NO. C-02-1977 (JSW))